# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia ex rel. Robert L. Adams,**
**Petitioner**

**vs)   No. 13-0096** (Logan County 12-C-313)

**Honorable Roger L. Perry, Judge of the Seventh Judicial**
**Circuit, Respondent**

**and**

**Robert L. Adams,**
**Petitioner Below, Petitioner**

**vs)   No. 13-0422** (Logan County 12-C-313)

**David Ballard, Warden, Mt. Olive Correctional Complex,**
**Respondent Below, Respondent**

**FILED**

**November 12, 2013**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

## MEMORANDUM DECISION

In the first of these two related cases,[1] Supreme Court No. 13-0096, Petitioner Robert L. Adams, appearing *pro se*, invokes this Court's original jurisdiction to seek a writ of prohibition to prohibit the enforcement of an order, entered June 13, 2012, that directed the Circuit Clerk of Logan County to collect a fee from petitioner with regard to the filing of his second petition for a writ of habeas corpus. Respondent Honorable Roger L. Perry, Judge of the Seventh Judicial Circuit, by counsel John M. Hedges, filed a summary response.

In the second case, Supreme Court No. 13-0422, petitioner, appearing pro se, appeals the order of the Circuit Court of Logan County, entered March 25, 2013, that dismissed without prejudice his petition for a writ of habeas corpus, and denied his motions for the appointment of counsel and to proceed *in forma pauperis.* Respondent Warden, by counsel Scott E. Johnson, filed a summary response. Petitioner filed a reply.

The Court has considered the parties' briefs and the records in each case. The facts and legal arguments are adequately presented, and the decisional process would not be significantly

---

[1] Both cases arise out of the same underlying proceeding in the Circuit Court of Logan County and share one issue in common. Accordingly, this Court, on its own motion, now consolidates the cases for consideration and decision.

1

aided by oral argument. Upon consideration of the standard of review, the briefs, and the records presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

The facts of petitioner's underlying criminal case were as follows: Two bodies were discovered in the early morning of March 14, 1997. The body of Lafayette Lipscomb, a known drug dealer, was found near his vehicle. The car was partially burned. Mr. Lipscomb had been shot twice in the hand and twice in the back of the head. The body of Charisse Corbett was found inside the vehicle. Ms. Corbett's body had been partially burned. Ms. Corbett had been shot five times: twice in the back of the head, once in the back of the neck, once in the back of the shoulder, and once in the leg. Ms. Corbett was pregnant at the time of her death.

Petitioner and two accomplices were indicted on two counts of murder, two counts of armed robbery, one count of kidnapping, and five counts of conspiracy. A jury found petitioner guilty of two counts of felony murder and one count of conspiracy to commit aggravated robbery. The jury did not recommend mercy. The circuit court sentenced petitioner to two terms of life in prison without the possibility of parole, plus one to five years in prison, all to run consecutively. Petitioner filed a direct appeal which this Court refused on June 6, 2000.

Petitioner filed his first petition for a writ of habeas corpus *pro se* on February 20, 2002. Petitioner was thereafter appointed counsel who filed an amended petition and a *Losh* checklist.[2] On January 20, 2004, petitioner's counsel filed a second amended petition. Respondent Warden filed his answer on June 24, 2005. On February 6, 2006, the circuit court denied the petition noting that "an evidentiary hearing is not necessary." Petitioner subsequently appealed the denial of habeas relief. On October 18, 2006, this Court refused that appeal.

Petitioner filed the instant petition for a writ of habeas corpus—his second—in May of 2012. Petitioner also moved for the appointment of counsel and to proceed *in forma pauperis*. The circuit court accepted the petition by an order entered June 13, 2012, and directed the Circuit Clerk of Logan County to collect a fee from petitioner with regard to the filing of his second petition.[3] On October 15, 2012, the circuit clerk sent Mt. Olive Correctional Complex an invoice for $195 for the filing fee and associated court costs. Petitioner indicates that the filing fee and costs began to be deducted from his inmate account in monthly installments in December of 2012.

On January 29, 2013, in Supreme Court No. 13-0096, petitioner filed an original jurisdiction petition for a writ of prohibition to prohibit the enforcement of the June 13, 2012 order

---

[2] *See Losh v. McKenzie*, 166 W.Va. 762, 277 S.E.2d 606 (1981).

[3] Due to a clerical error, the June 13, 2012 order was entered in petitioner's first habeas case which was closed. Consequently, the circuit court had to re-enter the order on November 13, 2012, and a new habeas case was opened at that time.

that directed the collection of the filing fee. This Court directed that a response be filed. After being granted an extension of time, Respondent Judge filed a summary response on April 3, 2013.

Meanwhile, in an order entered March 25, 2013, the circuit court dismissed without prejudice petitioner's second habeas petition. Before addressing petitioner's specific grounds, the circuit court noted that a petitioner "is ordinarily entitled, as a matter of right, to only one post[-]conviction habeas corpus proceeding." Syl. Pt. 1, *Markley v. Coleman*, 215 W.Va. 729, 601 S.E.2d 49 (2004) (Internal quotations and citations omitted.). The circuit court found that the first ground for relief—improper pretrial prosecutorial statements—was fully and finally adjudicated in the first habeas proceeding, "and the prior omnibus order . . . is res judicata on this matter." The remaining two grounds were (1) that "Judge should be withdrawn on my case due to sitting on first trial"; and (2) that the assistant prosecuting attorney engaged in witness tampering. As to these grounds, the circuit court determined that "[t]he Petitioner has failed to provide sufficient supporting facts . . . for this Court to conduct an initial review as required by the habeas corpus statutes and rules." Accordingly, the circuit court ordered that its dismissal of the petition was without prejudice and instructed petitioner that any new filing should contain adequate factual support for his grounds for relief, citing Rule 4(c) of the West Virginia Rules Governing Post-Conviction Habeas Corpus Procedure.[4] The circuit court also denied petitioner's motions for the appointment of counsel and to proceed *in forma pauperis* because it found that petitioner acted in bad faith in filing his second habeas petition because petitioner indicated that he had no prior habeas proceeding when, in fact, he had. Petitioner now appeals the circuit court's March 25, 2013, order in Supreme Court No. 13-0422.

We first address petitioner's appeal in Supreme Court No. 13-0422 as it concerns the merits of petitioner's second habeas petition.

SUPREME COURT NO. 13-0422

We review the circuit court's order dismissing a habeas petition under the following standard:

> In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying
>
> factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review.

---

[4] Rule 4(c) of the West Virginia Rules Governing Post-Conviction Habeas Corpus Procedures which provides, in pertinent part, as follows: "If the petition contains a mere recitation of grounds without adequate factual support, the court may enter an order dismissing the petition, without prejudice, with directions that the petition be refiled containing adequate factual support. The court shall cause the petitioner to be notified of any summary dismissal."

3

Syl. Pt. 1, *Mathena v. Haines,* 219 W.Va. 417, 633 S.E.2d 771 (2006).

On appeal, petitioner abandons his first two grounds for relief stating that those issues were adjudicated in his first habeas proceeding. This Court accepts petitioner's concession as to the first ground of relief as it was clearly included in his previous habeas petition[5] and finds that the circuit court properly determined that the doctrine of res judicata barred consideration of petitioner's first ground.[6]

In regard to petitioner's second ground of relief, this Court declines to accept petitioner's concession that the issue had been previously adjudicated as the concession is contrary to the circuit court's finding that only petitioner's first issue was adjudicated in his prior habeas proceeding. Therefore, we address petitioner's second issue. As reflected by the circuit court's dismissal pursuant to Rule 4(c), petitioner failed to support his second ground with adequate factual support. This Court surmises that petitioner meant that as the judge who presided at his trial, Judge Perry should not preside in his habeas case. On the other hand, in his petition, petitioner referred to the judge who "heard my appeal." Accordingly, because petitioner failed to adequately explain this ground for relief, the Court concludes that the circuit court properly dismissed petitioner's second ground pursuant to Rule 4(c).

In regard to petitioner's third ground of relief, the only statement petitioner made to support this ground was that he had a witness to support his allegation. Petitioner did not state in

---

[5] See Syl. Pt. 8, *State v. Julius*, 185 W.Va. 422, 408 S.E.2d 1 (1991) ("This Court is not obligated to accept the State's confession of error in a criminal case. We will do so when, after a proper analysis, we believe error occurred.").

[6] In Syllabus Point 2 of *Losh v. McKenzie*, 166 W.Va. 762, 277 S.E.2d 606 (1981), this Court held as follows:

> A judgment denying relief in post-conviction habeas corpus is *res judicata* on questions of fact or law which have been fully and finally litigated and decided, and as to issues which with reasonable diligence should have been known but were not raised, and this occurs where there has been an omnibus habeas corpus hearing at which the applicant for habeas corpus was represented by counsel or appeared *pro se* having knowingly and intelligently waived his right to counsel.

When the doctrine of res judicata otherwise bars a subsequent habeas petition, a petitioner may still petition on the grounds of (1) ineffective assistance of counsel in the omnibus habeas corpus proceeding; (2) newly discovered evidence; and (3) a change in the law, favorable to the applicant, which may be applied retroactively. *See* Syl. Pt. 4, *Losh*.

his petition who the witness was or to what the witness would have testified. Therefore, the Court finds that the circuit court properly dismissed petitioner's third ground pursuant to Rule 4(c) for a lack of adequate factual support. Accordingly, this Court concludes that the circuit court did not abuse its discretion in dismissing petitioner's second petition. Inasmuch as the petition was without merit, the circuit court also did not err in denying petitioner's motion for the appointment of counsel. *See* Syl. Pt. 1, *Perdue v. Coiner,* 156 W.Va. 467, 194 S.E.2d 657 (1973).

## SUPREME COURT NO. 13-0096[7]

The standard for determining whether a petition for a writ of prohibition should be granted where it is claimed that a circuit court has exceeded its legitimate powers is set forth in Syllabus Point Four of *State ex rel. Hoover v. Berger*, 199 W.Va. 12, 483 S.E.2d 12 (1996). In addition, the West Virginia post-conviction habeas corpus statute provides, in pertinent part, as follows:

> A petition filed under the provisions of this article may allege facts to show that the petitioner is unable to pay the costs of the proceeding or to employ counsel, may request permission to proceed in forma pauperis and may request the appointment of counsel. . . . If it is determined that the petitioner has the financial means with which to pay the costs incident to any proceedings hereunder and to employ counsel, . . . *or that review is being sought or prosecuted in bad faith or the grounds assigned therefor are without merit or are frivolous*, the request to proceed in forma pauperis and for the appointment of counsel shall be denied.

W.Va. Code § 53-4A-4(a) (Emphasis added.). In this original jurisdiction proceeding, petitioner challenges the circuit court's June 13, 2012, order, that directed the circuit clerk to collect the filing fee for his second habeas petition. However, West Virginia Code § 53-4A-4(a) contemplates that the decision whether to grant the request to proceed *in forma pauperis* may be made prior to, or in conjunction with, the determination of whether to appoint counsel. Therefore, this Court finds that nothing prevented the circuit court from deciding whether petitioner was entitled to proceed *in forma pauperis* at the outset of the habeas case.

In both Supreme Court No. 13-0096 as well as the related appeal, petitioner disputes the circuit court's finding that he filed his second habeas petition in bad faith.[8] However, regardless of whether petitioner acted in bad faith, this Court concludes that the circuit court's findings that petitioner's grounds were without merit adequately supported its decision under West Virginia

---

[7] We address the denial of petitioner's motion to proceed *in forma pauperis* as a part of Supreme Court No. 13-0096 because the denial also concerns the circuit court's authority to require petitioner to pay a filing fee.

[8] The respondent in each case argues that the circuit court did not err in determining that petitioner acted in bad faith, but neither respondent addresses petitioner's contention that his false answer as to whether he had a previous habeas corpus proceeding was a honest mistake.

Code § 53-4A-4(a) to require the payment of a filing fee for petitioner's *second* habeas petition to which he had no right.

For the foregoing reasons, in Supreme Court No. 13-0422, we affirm the circuit court's June 13, 2012, order that dismissed without prejudice petitioner's petition for writ of habeas corpus, and denied petitioner's motions for the appointment of counsel and to proceed *in forma pauperis*. In Supreme Court No. 13-0096, we deny the requested writ.

Affirmed.
Writ Denied.

**ISSUED:** November 12, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II